IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HSBC BANK USA N.A., AS TRUSTEE
ON BEHALF OF ACE SECURITIES
CORP. HOME EQUITY LOAN TRUST
AND FOR THE REGISTERED
HOLDERS OF ACE SECURITIES
CORP. HOME EQUITY LOAN TRUST
2007-D1 ASSET BACKED PASS-
THROUGH CERTIFICATES,

    Plaintiff,                  No. 2:12-cv-01338 KJM KJN PS

  v.

FERNANDO O CONTRERAS;
FABIOLA CONTRERAS; and
DOES 1 through 5, inclusive,

    Defendants.              <u>ORDER and FINDINGS AND</u>
                                                      <u>RECOMMENDATIONS</u>
_____/

        Presently before the court is plaintiff's motion to remand this unlawful detainer action to the Superior Court of California for the County of Sutter ("Superior Court"), which also seeks a recovery of attorney's fees and costs (Dkt. No. 4).[1] Defendant Fernando Contreras failed to file a written opposition or other response to plaintiff's motion to remand, and defendant

---

[1] This matter proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

Fabiola Contreras has not appeared in this action.

Because oral argument would not materially aid the resolution of the pending motion, this matter was submitted on the briefs and record without a hearing. See Fed. R. Civ. P. 78(b); E. Dist. Local Rule 230(g). Having reviewed the moving papers and record in this case, the undersigned recommends that plaintiff's motion to remand be granted and that this case be remanded to the Superior Court on the grounds that this court lacks federal subject matter jurisdiction over plaintiff's unlawful detainer claim. The undersigned recommends that plaintiff's request for attorney's fees and costs be denied.

I.      BACKGROUND

On September 29, 2011, plaintiff initiated a limited civil case[2] in the Superior Court by filing a Verified Complaint for Unlawful Detainer, which notes that the amount demanded "is less than $10,000.00" ("Complaint"). (Compl. at 1, attached as Ex. 3 to Pl.'s Req. for Judicial Notice; see also Notice of Removal, Ex. A (Civil Cover Sheet).)[2] Plaintiff seeks to recover possession of the subject residential property located in Yuba City, California. (Compl. ¶ 2.)

The Complaint alleges that on or about August 16, 2011, plaintiff became the owner of the property by purchasing it at a trustee's sale following foreclosure proceedings, and that plaintiff perfected title in its own name. (Compl. ¶ 3.) A Trustee's Deed Upon Sale recorded with the Sutter County Recorder's office on September 15, 2011, reflects that

---

[2] A limited civil action in the California Superior Courts is one where the "whole amount of damages claimed is twenty-five thousand dollars ($25,000) or less." See Cal. Civ. Proc. Code § 86(a)(4).

[2] The court grants plaintiff's request for judicial notice, which requests that the court take notice of Superior Court filings, the Notice of Removal filed in this court, and certified copies of publicly recorded documents. The court may take judicial notice of court records and other matters of public record. See, e.g., Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Shaw v. Hahn, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). The court notes that it was unnecessary for plaintiff to request judicial notice of the Notice of Removal, which is already part of this court's file.

2

1  defendants were trustors on a Deed of Trust in regards to the property, and that defendants'
2  default on the underlying loan led to the foreclosure proceedings.  (<u>See</u> Req. for Judicial Notice,
3  Ex. 2.)
4       Plaintiff alleges that on or about September 22, 2011, it provided defendants with
5  a notice to vacate the premises and deliver possession of the property within three days if they
6  were the previous owners, which readily appears to be the case.  (Compl. ¶ 6 & Ex. B; <u>see also</u>
7  Notice to Quit, Sept. 20, 2011, attached as Ex. B to Notice of Removal; Trustee's Deed Upon
8  Sale at 1).  Plaintiff alleges that defendants failed to timely vacate and deliver possession of the
9  property and continue to possess and occupy the property.  (Compl. ¶¶ 5, 7.)  Through this action,
10 plaintiff seeks: (1) restitution of the premises, (2) damages for unlawful detention at a rate of $60
11 per day of hold-over occupancy from the expiration of the notice to vacate through the entry of
12 judgment; and (3) costs of suit.  (<u>Id.</u> at 2.)
13      Defendant Fernando Contreras demurred to the Complaint in the Superior Court
14 on October 24, 2011.  (Demurrer, attached as Ex. B to Notice of Removal; <u>see also</u> Req. for
15 Judicial Notice, Ex. 4.)  The demurrer was "based defective notice, i.e., the Notice to Occupants
16 to Vacate Premises, failed to comply with The Protecting Tenants at Foreclosure Act [12 U.S.C.
17 §5220]."  (Notice of Removal ¶ 8; <u>see also id.</u> ¶ 1; Demurrer at 3-4.)  The Notice of Removal
18 alleges that the Superior Court overruled the demurrer.  (Notice of Removal ¶ 9.)  Fernando
19 Contreras filed an Answer to the Complaint on December 5, 2011.  (Req. for Judicial Notice,
20 Ex. 5.)[3]
21      On May 17, 2012, Fernando Contreras removed this unlawful detainer action to
22 federal court pursuant to 28 U.S.C. § 1441(a), asserting that this court has subject matter
23 ////
24 _____

25   [3]  In its motion to remand, plaintiff makes several unsupported representations about
     intervening bankruptcy proceedings.  (Mot. to Remand at 4.)  The court has not considered those
26 representations in resolving the pending motion.

3

jurisdiction over plaintiff's claim pursuant to 28 U.S.C. § 1331.[4]  (Notice of Removal ¶¶ 6, 10.) He asserts that "[f]ederal question jurisdiction exists because Defendants' [*sic*] demurrer, a pleading depend [*sic*] on the determination of Defendants' [*sic*] rights and Plaintiff's duties under federal law." (Id. ¶ 10.)  The implication of Fernando Contreras's statement appears to be that he believes this case was removable on the basis of a defense to the unlawful detainer action premised on the adequacy of the Notice To Quit under the Protecting Tenants at Foreclosure Act of 2009.  Defendant Fabiola Contreras did not join in the removal, and the record does not suggest that she consented to the removal.

On July 25, 2012, plaintiff appeared in this court and filed its motion to remand. Plaintiff argues that this court lacks subject matter jurisdiction over its single unlawful detainer claim, that the removal was untimely, and that the Notice of Removal is "defective in form and content."[5]  As noted above, Fernando Contreras failed to oppose or otherwise respond to the motion to remand, and Fabiola Contreras has not yet appeared in federal court.[6]

---

[4]  The Notice of Removal does not assert that this court can exercise subject matter jurisdiction over plaintiff's unlawful detainer claim based on the diversity jurisdiction statute, 28 U.S.C. § 1332(a).

[5]  In light of the conclusion set forth below that the court lacks subject matter jurisdiction, the undersigned declines to address plaintiff's argument that the removal was untimely or its rather circular and odd argument that the removal was "defective in form and content." The undersigned notes that plaintiff waived its argument regarding the timeliness of removal because it filed its motion to remand over two months after removal.  The 30-day time limit for filing a notice of removal is a procedural defect rather than a jurisdictional defect, Maniar v. FDIC, 979 F.2d 782, 785 (9th Cir. 1992), and a party must object to removal on the basis of a procedural defect within 30 days after the filing of the notice of removal, 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."). A party that fails to timely object to a procedural defect in removal forfeits that objection. Cf. Lively v. Wild Oats Market, Inc., 456 F.3d 933, 942 (9th Cir. 2006) (holding that "the forum defendant rule embodied in § 1441(b) is a procedural requirement, and thus a violation of this rule constitutes a waivable non-jurisdictional defect subject to the 30-day time limit imposed by § 1447(c)"); see also Powell v. DEF Express, Inc., 265 Fed. Appx. 672, 674 (9th Cir. 2008) (holding that plaintiff's failure to object to three procedural defects, including untimely removal, resulted in the forfeiture of those objections).

[6]  Although plaintiff could have challenged the removal in a timely motion to remand on the basis that not all defendants joined in or consented to the removal, see, e.g., Atl. Nat'l Trust LLC v.

II.     LEGAL STANDARDS

In relevant part, the federal removal statute provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .

28 U.S.C. § 1441(a). "The defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009), cert. denied, 131 S. Ct. 65 (2010). "The removal statute is strictly construed against removal jurisdiction," id., and removal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance" Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1106 (9th Cir. 2010) (citation and quotation marks omitted).

Additionally, a federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). Because subject matter jurisdiction may not be waived by the parties, a district court must remand a case if it lacks jurisdiction over the matter. Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) (citing Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998)); see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

////

---

Mt. Hawley Ins. Co., 621 F.3d 931, 933 (9th Cir. 2010), plaintiff has not raised that procedural defect. Accordingly, plaintiff waived its procedural argument based on the so-called "rule of unanimity."

5

III.   DISCUSSION

Fernando Contreras's Notice of Removal asserts that removal was proper on the basis of the court's federal question jurisdiction.  (See Notice of Removal ¶¶ 6, 10.)  For the reasons that follow, the undersigned concludes that this court lacks subject matter jurisdiction over plaintiff's claim.  The undersigned also recommends that plaintiff's request for attorney's fees and costs be denied.

A.   The Propriety of Removal to Federal Court

District courts have federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)).  "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Placer Dome, Inc., 582 F.3d at 1091; see also Ultramar Am. Ltd. v. Dwelle, 900 F.2d 1412, 1414 (9th Cir. 1990) ("Ordinarily, the existence of federal question jurisdiction is determined from the face of the complaint.").  "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint *as of the time the removal petition was filed*.  Jurisdiction is based on the complaint as originally filed . . . ." Abada v. Charles Schwab & Co., 300 F.3d 1112, 1117 (9th Cir. 2002) (citation and quotation marks omitted).

Here, plaintiff filed its Complaint in the Superior Court asserting a single claim for unlawful detainer premised solely on California law.  Because a claim for unlawful detainer does not by itself present a federal question or necessarily turn on the construction of federal law, no basis for federal question jurisdiction appears on the face of the Complaint.  See, e.g., U.S.

Bank Nat'l Ass'n v. Tyler, No. C 10-4033 PJH, 2010 WL 4918790, at *2 (N.D. Cal. Nov. 12, 2010) (unpublished) (concluding that a single claim for unlawful detainer under state law does not provide a basis for federal question jurisdiction); OneWest Bank FSB v. Ignacio, No. CIV S-10-1683 JAM DAD PS, 2010 WL 2696702, at *2 (E.D. Cal. July 6, 2010) (unpublished) (same); IndyMac Federal Bank, F.S.B. v. Ocampo, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (unpublished) (same); HSBC Bank, N.A. v. Bryant, No. 09-CV-1659-IEG (POR), 2009 WL 3787195, at *3 (S.D. Cal. Nov. 10, 2009) (unpublished) (same). Accordingly, the undersigned recommends that this case be remanded to the Superior Court.

Despite the fact that Fernando Contreras failed to oppose plaintiff's motion to remand, the undersigned briefly addresses the suggestion in the Notice of Removal that this court has subject matter jurisdiction over plaintiff's claim because plaintiff's three-day notice to vacate the premises allegedly violated the Protecting Tenants At Foreclosure Act of 2009, Pub. L. No. 111-22, § 702, 123 Stat. 1660 (2009) (the "Act"). (See Notice of Removal ¶¶ 8-10.) Insofar as that argument is concerned, the Act provides protections to tenants who reside in properties subject to foreclosure, including the requirement that a 90-day notice to vacate be given to bona fide tenants. See SD Coastline LP v. Buck, No. 10CV2108 MMA (NLS), 2010 WL 4809661, at *1 (S.D. Cal. Nov. 19, 2010) (unpublished).

As an initial matter, it does not appear that defendants were bona fide tenants who resided in a foreclosed property. Instead, it appears that they were defaulting former owners of the subject property who were subjected to foreclosure proceedings. Accordingly, it is questionable whether the Act even applied to defendants.

In any event, federal courts have consistently rejected attempts to premise federal subject matter jurisdiction on the 90-day notice provision provided in the Act. See, e.g., Parkland Sec., Inc. v. Carey, Civ. No. S-11-3281 GEB GGH PS, 2012 WL 159621, at *2 (E.D. Cal. Jan. 18, 2012) (unpublished), adopted by 2012 WL 458433 (E.D. Cal. Feb. 10, 2012) (unpublished); Wescom Credit Union v. Dudley, No. CV 10-8203 GAF (SSx), 2010 WL

4916578, at \*2 (C.D. Cal. Nov. 22, 2010) (unpublished); SD Coastline LP, 2010 WL 4809661, at \*2-3; Aurora Loan Servs., LLC v. Martinez, No. C10-01260 HRL, 2010 WL 1266887, at \*1 (N.D. Cal. Mar. 29, 2010) (unpublished). Such rejection is based on the fact that an argument relying on the Act's notice provision is an attempt to premise this court's subject matter jurisdiction on a defense or a counterclaim. An anticipated defense or counterclaim cannot establish a federal question because such a defense or counterclaim does not appear on the face of the complaint.[7] See Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (stating that federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim"); accord Takeda v. Nw. Nat'l Life Ins Co., 765 F.2d 815, 822 (9th Cir. 1985); see also Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint."); SD Coastline LP, 2010 WL 4809661, at \*2-3 (concluding that unlawful detainer defendant's claim or defense based on the Protecting Tenants at Foreclosure Act of 2009 cannot serve as a basis for removal jurisdiction).

In short, no federal question is present on the face of plaintiff's Complaint. Accordingly, 28 U.S.C. § 1331 does not provide this court with subject matter jurisdiction over plaintiff's single claim for unlawful detainer brought pursuant to California law.

B. Plaintiff's Request for Attorney's Fees and Costs

Plaintiff argues that it is entitled to recover its attorney's fees and costs incurred in moving to remand this action to the Superior Court. It contends that the removal, effectuated by a party proceeding without counsel, was untimely, improper, and designed to frustrate the summary nature of unlawful detainer proceedings. Plaintiff requests an award of $2,000. (Mot.

---

[7] Additionally, federal district courts have concluded that the Protecting Tenants at Foreclosure Act of 2009 does not create a federal private right of action, but provides directives to state courts. See, e.g., Deutsche Bank Nat'l Trust Co. v. Jora, No. CIV S-10-1617 MCE EFB PS, 2010 WL 3943584, at \*1 n.3 (E.D. Cal. Oct. 1, 2010) (unpublished); Zalemba v. HSBC Bank, USA, Nat'l Ass'n, No. 10-cv-1646 BEN (BLM), 2010 WL 3894577, at \*2 (S.D. Cal. Oct. 1, 2010) (unpublished).

8

to Remand at 8; Gonzalez Decl. ¶¶ 3-4.)[8]  The undersigned recommends that plaintiff's request be denied.

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The United States Supreme Court has confirmed that such an award is permissive and left to the discretion of the district court, but is not automatic or even presumptive.  See Martin v. Franklin Capital Corp., 546 U.S. 132, 136-40 (2005).  Indeed, in Martin, the Court held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied. " Id. at 141.

Here, the undersigned cannot conclude that Fernando Contreras, who does not appear to be an attorney and is proceeding pro se, lacked an objectively reasonable basis for removal.  Mr. Contreras believed that subject matter jurisdiction existed by reason of a potential defense or counterclaim, but was mistaken.  However, that determination was by no means patently obvious, at least to a non-attorney.  Additionally, at least some of plaintiff's arguments are barred or were waived on the basis of its untimely motion to remand.  Under these circumstances, the undersigned concludes that sanctions would be inappropriate, if not inequitable, and recommends that plaintiff's request for attorney's fees be denied.

IV. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that plaintiff's request for judicial notice is granted.

Additionally, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to remand (Dkt. No. 4) be granted and that this matter

---

[8] The undersigned notes that, as with at least two other form declarations previously filed by counsel in this court, the Declaration of Janine Gonzalez contains two paragraphs numbered "4." Ms. Gonzalez might consider fixing the errant numbering in her form declaration.

be remanded to the Superior Court of California, County of Sutter.

       2.     Plaintiff's request for attorney's fees and costs be denied.

       3.     This case be closed and all dates vacated.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also E. Dist. Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. E. Dist. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED and RECOMMENDED.

DATED: August 23, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE